IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHERN DIVISION

PATTY CLECKLER, as the Natural Mother )    2007 JUN 25 ⊃ 4: 20
of her minor daughter, A█ L█████ )
C█████ deceased, )
   )
      Plaintiff, )
   )    CIVIL ACTION NO. 2:07 CV 578 - MEF
v. )
   )
DAIMLERCHRYSLER COMPANY LLC; )
McCULLOCH AMC/JEEP, et al., )
   )
      Defendants. )

## ANSWER

DaimlerChrysler Company LLC ("DCC LLC"), formerly DaimlerChrysler Corporation,

Defendant in the above-styled action, answers the Plaintiff's Complaint as follows:

### General Allegations

DCC LLC admits that, according the Alabama Uniform Traffic Accident Report for

Accident No. 6515096, on July 20, 2006, A█ L█████ C█████ was operating a 1986 Jeep

Cherokee on Alabama Highway 22 when she was involved in a one-vehicle wreck that resulted

in her death.

DCC LLC admits that it or one of its predecessors designed in part, developed in part,

and assembled 1986 Jeep Cherokee motor vehicles.

DCC LLC denies that the 1986 Jeep Cherokee operated by A█ L█████ C█████ on July

20, 2006 was defective or unreasonably dangerous.

DCC LLC denies the remainder of the General Allegations.

## Count One

1.    DCC LLC adopts by reference and incorporates herein its answers to all the material averments of the Complaint as set forth above as if fully set out herein.

2.    Denied.

## Count Two

3.    DCC LLC adopts by reference and incorporates herein its answers to all the material averments of the Complaint as set forth above as if fully set out herein.

4.    Denied.

## AFFIRMATIVE DEFENSES

1.    Except as expressly admitted herein, DCC LLC denies the material allegations of the Complaint, both separately and severally, and demands strict proof thereof.

2.    The Complaint fails to state a claim against DCC LLC upon which relief can be granted.

3.    DCC LLC denies that any conduct on its part was the proximate cause of the Plaintiff's claimed injuries.

4.    DCC LLC denies that its conduct was in any manner negligent or wanton.

5.    DCC LLC avers that the vehicle involved in the accident was substantially modified or altered after it left DCC LLC's possession and control and that said modification(s) or alteration(s) were the proximate cause of Plaintiff's claimed injuries.

6.    DCC LLC avers that all of the Plaintiff's injuries and damages were caused by the acts or omissions of others for whom DCC LLC owes no legal responsibility.

7.    DCC LLC avers that Plaintiff's claimed injuries and damages were the result of superseding or intervening causes, for which DCC LLC owes no legal responsibility.

2

8.     DCC LLC denies that the Plaintiff was injured or harmed in any way by any act or omission by DCC LLC or any of its agents.

9.     Any alleged non-conforming or defective condition of the subject vehicle was the result of abuse, neglect, modification or alteration of the vehicle that was not authorized by DCC LLC.

10.     DCC LLC avers that Plaintiff was guilty of contributory negligence and that this negligence proximately caused or contributed to cause the alleged injuries and damages.

11.     Some or all of Plaintiff's claims are barred by the applicable statute(s) of limitation(s) and/or statute or rule of repose.

12.     DCC LLC avers that Plaintiff's injuries were the result of assumption of the risk, and that said assumption of the risk was the proximate cause of plaintiff's injuries.

13.     DCC LLC avers that Plaintiff misused the subject vehicle, or component parts thereof, and such misuse was the proximate cause of Plaintiff's injuries.

14.     DCC LLC avers that the dangers to Plaintiff were open and obvious.

15.     The Complaint fails to state any claim for which punitive damages can be awarded.

16.     The claims alleged against DaimlerChrysler in the Complaint are barred by the Commerce Clause of the United States Constitution because they would, if allowed, impose an undue burden on interstate commerce.

17.     Imposition of punitive damages against DCC LLC in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

3

18.    Any award of punitive damages based on anything other than DCC LLC's conduct in connection with the sale of the specific vehicle that is the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment and the Due Process Clause of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama, because any other judgment for punitive damages in this case cannot protect DCC LLC against impermissible multiple punishment for the same wrong.  In addition, any such award would violate the Commerce Clause of the United States Constitution and principles of comity under the laws of the State of Alabama.

19.    Because there is a territorial limitation on punitive damages, any recovery of punitive damages for the purpose of punishing conduct outside the state of Alabama is unconstitutional.

20.    The procedure and methods asserted for awarding punitive damages against DCC LLC in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

21.    Any claim of punitive damages against DCC LLC cannot be sustained, because any award of such damages would constitute a retroactive impairment of contractual obligations, in violation of the Contracts Clause of the United States Constitution (U.S. Const., Art. I, § 10).

22.    Any claim of punitive damages against DCC LLC cannot be sustained, because any award of such damages would violate the Commerce Clause of the United States Constitution (U.S. Const., Art. I, § 8, cl. 3).

23.    Unless both DCC LLC's liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate DCC LLC's due process rights guaranteed by the

4

Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

24.     Any claim of Plaintiff for punitive damages against DCC LLC cannot be sustained, because any award of such damages under Alabama law without bifurcating the trial of all such damages issues would violate DCC LLC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of Alabama.

25.     Any claim of Plaintiff for punitive damages against DCC LLC cannot be sustained, because any award of such damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose, would violate DCC LLC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

26.     Any claim of Plaintiff for punitive damages against DCC LLC cannot be sustained, because any award of such damages under Alabama law for the purpose of compensating plaintiff for elements of damage not otherwise recognized by Alabama law would violate DCC LLC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

27.     The claims alleged against DCC LLC, separately and severally, in the Complaint are barred by the Supremacy Clause of the United States Constitution (U.S. Const., Art. VI), in that Plaintiff's claims are expressly and impliedly preempted by federal law.

5

28.     Any claim of Plaintiff for punitive damages against DCC LLC cannot be sustained because any award of such damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of DCC LLC, (3) is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (4) is not subject to judicial review on the basis of objective standards, would violate DCC LLC's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

29.     Any claim of Plaintiff for punitive damages against DCC LLC cannot be sustained, because any award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate DCC LLC's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

30.     Any claim of Plaintiff for punitive damages cannot be sustained because any award of such damages under state law without the same protections that are accorded to all defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective

assistance of counsel would violate DCC LLC's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

31.     The Plaintiff has failed to join necessary or indispensable parties.

32.     DCC LLC contests the amount and nature of the damages claimed by Plaintiff in the Complaint.

33.     Alabama's Wrongful Death Statute, Ala. Code § 6-5-410, is unconstitutional both on its face and as applied to DCC LLC in this action.

34.     DCC LLC affirmatively alleges that the Alabama Wrongful Death Statute, Ala. Code § 6-5-410, as it applies to joint tortfeasors is unconstitutional in that it is punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the Wrongful Death Act is predicated upon the alleged enormity of the wrong committed by the tortfeasor. Therefore, this Act, as it applies to joint tortfeasors, denies each and every defendant equal protection of the laws and violates the United States Constitution.

35.     DCC LLC affirmatively alleges that the Alabama Wrongful Death Statute, Ala. Code § 6-5-410, violates the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Alabama Constitution in that it allows for the imposition of an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability a defendant had, if any.

36.    DCC LLC affirmatively alleges that the Alabama Wrongful Death Statute, Ala. Code § 6-5-410, is constitutionally void as to Defendant and as applied to the acts and circumstances in this case in that:

a.    It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action.

b.    It operates to deny to Defendant a fair opportunity to have the jury assess damages based on Defendant's culpability for negligence which cannot be segregated from allegations of negligence against other defendants.

c.    In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives Defendant of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law.

d.    In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives Defendant of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama which provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

37.    DCC LLC affirmatively alleges that the Alabama Wrongful Death Statute, Ala. Code § 6-5-410, is violative of the United States and Alabama Constitutions in that it deprives defendants of their right to a jury trial guaranteed by the Seventh Amendment to the United States Constitution and Article I, Section 11 of the Alabama Constitution by allowing punitive

8

damages to be assessed and imposed based on the conduct of persons or entities other than Defendant or Defendant's agents or employees and/or without apportionment of damages based on the degree of culpability of defendant, if any.

38.     DCC LLC denies that the vehicle described in the Complaint was defective when the vehicle left the possession of DCC LLC.

39.     DCC LLC avers that the invitation for a court or jury to impose liability on DCC LLC for a vehicle designed in conformance with the standards set by the United States government would deny DCC LLC due process of law in violation of the Fourteenth Amendment to the United States Constitution and would be contrary to the public policy of Alabama and the United States.

40.     If it is established that DCC LLC is in any manner legally responsible for any of the damages claimed by Plaintiff, such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, DCC LLC is entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

41.     DCC LLC asserts as a defense, credit or set-off against the damages claimed by the Plaintiff, the settlement (and any monies paid pursuant thereto) between the Plaintiff and any other person or entity.

42.     DCC LLC is entitled to a set-off of all amounts paid to the Plaintiff by other defendants, if any, pursuant to pro tanto settlements.

43.    To the extent any of Plaintiff's claimed damages have been or will be indemnified in whole or in part from any collateral source, any verdict of judgment against DCC LLC must be reduced by those amounts.

44.    The Complaint fails to state a claim under any liability theory other than the Alabama Extended Manufacturer's Liability Doctrine.

45.    DCC LLC avers that the vehicle at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because of each of the following:

a.    It had been altered or modified prior to the accident and was not in substantially the same condition at that time as when it left this defendant's possession and control.

b.    The vehicle was neither defective nor unreasonably dangerous.

c.    The vehicle was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated.

d.    The manufacture and design of the motor vehicle was well in keeping with the state of the art at the time of the manufacture of the vehicle.

46.    Plaintiff's claims are barred due to the doctrine of spoliation and Plaintiff's failure to preserve crucial evidence.

47.    Plaintiff lacks standing to bring this action inasmuch as Plaintiff is not the appropriate legal representative of the decedent's estate.

48.    Venue in this action is improper, or alternatively, more convenient in another forum.

49.    Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, release, unclean hands, statute of limitation, and or statute/rule of repose.

50.    DCC LLC reserves the right to amend its Answer to add any additional

affirmative defenses or other defenses as additional information becomes available.

_____

Attorney for Defendant
DaimlerChrysler Company LLC

OF COUNSEL:
Michael L. Bell
mbell@lfwlaw.com
J. Chandler Bailey
cbailey@lfw.law.com
Wesley B. Gilchrist
wgilchrist@lfwlaw.com
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
Telephone (205) 581-0700
Facsimile (205) 581-0799

11

## CERTIFICATE OF SERVICE

This is to certify that on this *22nd* day of June, 2007, a true and correct copy of the foregoing was served on the following counsel of record by placing it in the US mail with first-class postage prepaid and addressed to:

William W. Smith, Esq.
Smith & Alspaugh, PC
505 N 20th St., Ste. 1100
Birmingham, AL 35203

Of Counsel

12