IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATTY CLECKLER, as the natural mother of her minor daughter, ALC, deceased, <br><br> Plaintiff, <br><br> v. <br><br> DAIMLERCHRYSLER COMPANY LLC; McCULLOCH AMC/JEEP; et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL NO. 2:07-CV-578-MEF |

## REPORT OF PARTIES' PLANNING MEETING

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on September 20, 2007 via telephone and was attended by:

    W. Cone Owen for Plaintiff

    Wesley B. Gilchrist for Defendant

2.  Pre-Discovery Disclosures. The parties will exchange by **October 4, 2007** the information required by Fed. R. Civ. P. 26(a)(1).

3.  Discovery Plan. The parties jointly propose to the court the following discovery plan:

    a.  Discovery will be needed on the following subjects: Information related to the allegations contained in Plaintiff's Complaint, Plaintiff's claims for damages, and Defendant's affirmative defenses.

    b.  Disclosure or discovery of electronically stored information should be handled as follows: The parties will produce discoverable electronically stored information in a

reasonably usable format and will identify, when possible in their responses to written discovery, the specific file format in which electronically stored information will be produced. The parties reserve their right to object to the production of electronically stored information metadata as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

      c.      The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: The parties acknowledge that, while each party is making effort to identify and withhold from production any document which that party believes is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties are in agreement that a party who produces any privileged document without intending to waive the claim of privilege associated with such document may, within ten days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document and any copies thereof. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege and request on order of the court denying such privilege.

      d.      All discovery commenced in time to be completed by **December 1, 2008**.

      e.      Maximum of 50 total interrogatories by each party to any other party. Responses due 30 days after service.

    f. Maximum of 50 requests for admission by each party to any other party. Responses due 30 days after service.

    g. Maximum of 15 depositions by plaintiff and 15 by defendants unless increased by agreement of the parties.

    h. Each deposition limited to maximum of 8 hours unless extended by agreement of parties.

    i. Reports from retained experts under Rule 26(a)(2) and deposition dates for experts due:

      i. from plaintiff by **May 16, 2008**.  Depositions of Plaintiff's experts should take place on or before **June 30, 2008**.

      ii. from defendants by **August 29, 2008**.  Depositions of Defendant's experts should occur on or before **October 15, 2008**.

    j. Supplementations under Rule 26(e) due **December 1, 2008**.

  4. Other Items.

    a. The parties do not request a conference with the court before entry of the scheduling order.

    b. The parties request a pretrial conference in February 2009.

    c. Plaintiff shall be allowed until **December 14, 2007** to join additional parties and to amend the pleadings.

    d. Defendants shall be allowed until **January 14, 2007** to join additional parties and to amend the pleadings.

    e. All potentially dispositive motions should be filed by **December 15, 2008**.

    f. Settlement cannot be evaluated at this early stage.

   g.  Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

     i.  from plaintiff by 30 days prior to trial;

     ii.  from defendants by 15 days prior to trial.

   h.  Parties should have 7 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

   i.  This case should be ready for trial by **March 2009** and at this time is expected to take approximately 10 days.

   Done this the 20th day of September, 2007.

Respectfully submitted,

| | |
|---|---|
| /s/ Wesley B. Gilchrist | /s/ W. Cone Owen, Jr. |
| Attorney for Chrysler LLC | Attorney for Plaintiff Patty Cleckler |
| | |
| OF COUNSEL: | OF COUNSEL: |
| Michael L. Bell (BELLM6182) | William W. Smith |
| *mbell@lfwlaw.com* | *wsmith@smithalspaugh.com* |
| J. Chandler Bailey (BAILC4526) | W. Cone Owen, Jr. (OWENW6182) |
| *cbailey@lfwlaw.com* | *cowen@smithalspaugh* |
| Wesley B. Gilchrist (GILCW4083) | SMITH & ALSPAUGH, P.C. |
| *wgilchrist@lfwlaw.com* | 1100 Financial Center |
| LIGHTFOOT, FRANKLIN & WHITE, L.L.C. | 505 20th St. N, Ste. 1100 |
| The Clark Building | Birmingham, AL  35203 |
| 400 North 20th Street | |
| Birmingham, Alabama  35203-3200 | |
| (205) 581-0700 | |
| (205) 581-0799 (fax) | |