IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATTY CLECKLER, as the Natural Mother of her minor daughter, ALC, deceased, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIVIL NO. 2:07-CV-578-MEF |
| DAIMLERCHRYSLER COMPANY LLC; McCULLOCH AMC/JEEP, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**OBJECTION TO AND UNOPPOSED MOTION TO AMEND
THE UNIFORM SCHEDULING ORDER**

Defendant Chrysler LLC respectfully objects to the expert disclosure deadlines in the Court's Uniform Scheduling Order (Doc. 8) and moves the Court to enter the deadlines jointly proposed by the parties in their Rule 26(f) report (Doc. 7). In support of its motion, Chrysler further states as follows:

1. In the Report of Parties' Planning Meeting (Doc. 7), the parties jointly proposed the following deadlines for expert disclosures and depositions:

    - Expert disclosures and reports from plaintiff by May 16, 2008 and depositions of plaintiff's experts by June 30, 2008 (id. at ¶ 3.i.i.); and

    - Expert disclosures and reports from Chrysler by August 29, 2008 and depositions of Chrysler's experts by October 15, 2008 (id. at ¶ 3.i.ii.).

2. The Court's Uniform Scheduling Order (Doc. 8) establishes expert disclosure and report deadlines of September 5, 2008 for plaintiff and October 6, 2008 for Chrysler (id. § 8). The Uniform Scheduling Order does not set deadlines for expert depositions.

3. The Uniform Scheduling Order also sets this case for trial beginning January 12, 2009 (id. § 1) and establishes a dispositive motions deadline of September 5, 2008 (id. § 2).

4.  The expert deadlines proposed jointly by the parties will afford ample opportunity for expert discovery in this case. The parties' earlier deadlines also will ensure that the case proceeds at a reasonable pace and that expert discovery will be nearly completed by the deadline for dispositive motions. Under the Uniform Scheduling Order, dispositive motions would be due on the same date as plaintiff's expert disclosures and before Chrysler's expert disclosures such that any dispositive motions would not have the benefit of either party's expert opinions, which often are the most important evidence in a motor vehicle product liability case such as this one. For similar reasons, the earlier expert deadlines will allow the parties more time to evaluate the case for settlement purposes.

5.  Plaintiff is not opposed to this motion.

WHEREFORE, Chrysler LLC requests that the Court enter an Order amending Section 8 of the Uniform Scheduling Order and setting expert deadlines as jointly proposed in the Report of Parties' Planning Meeting.

_____
Attorney for Chrysler LLC

OF COUNSEL:
Michael L. Bell (BELLM6182)
*mbell@lfwlaw.com*
J. Chandler Bailey (BAILC4526)
*cbailey@lfwlaw.com*
Wesley B. Gilchrist (GILCW4083)
*wgilchrist@lfwlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
Telephone (205) 581-0700
Facsimile (205) 581-0799

## CERTIFICATE OF SERVICE

This is to certify that on this __5th__ day of __October__, 2007, a true and correct copy of the foregoing was served on the following parties as noted:

William W. Smith, Esq.
Smith & Alspaugh, PC
505 N 20th St., Ste. 1100
Birmingham, AL 35203
CM/ECF electronic noticing system

McCulloch AMC/Jeep
2606 Hwy 31 S
Decatur, AL 35601
US Postal Service

_____
Of Counsel